**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
                       :

JOSE LOPEZ, on behalf of himself and all others  :
similarly situated,
                       :

          Plaintiff,       :  Civil Action No.
                       :

vs.                      :  **CLASS ACTION COMPLAINT AND**
                       :  **JURY TRIAL DEMAND**

ATLANTIC CREDIT & FINANCE, INC.,  :
                       :

          Defendant.     :
                       :
————————————————— X

Plaintiff JOSE LOPEZ (hereinafter "LOPEZ" or "Plaintiff"), of Bergen County, New Jersey, on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant ATLANTIC CREDIT & FINANCE, INC., its employees, agents, and successors, the following:

**<u>PRELIMINARY STATEMENT</u>**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Bergen County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant ATLANTIC CREDIT &

FINANCE, INC. ("Atlantic Credit" or "Defendant") is a corporation organized under the

laws of the State of Virginia with its principle place of business located at 111 Franklin Road, SE, Suite 400, Roanoke, VA 24011.

9.      Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.      This Action is properly maintained as a class action. The Class consists of:

•      All natural persons with addresses in the State New Jersey who were sent collection letters and/or notices by Atlantic Credit & Finance, Inc. on behalf of Midland Funding, LLC in the same or similar form as Exhibit A which included the alleged conduct and practices described herein.

The class period begins one year prior to the filing of this Action.

12.      The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•      Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

3

thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.  Whether Defendant violated various provisions of the FDCPA;

b.  Whether the Defendant's collection letter was deceptive and misleading;

c.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

d.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.    Sometime prior to August 21, 2018, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. ("Citibank") related to a Home Depot Credit Card ("the Debt").

17.    The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.    The alleged Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.    Sometime prior to August 21, 2018, Citibank either directly or through intermediate transactions sold, assigned, placed or transferred the Debt to Midland Funding, LLC.

21.    Also, sometime prior to August 21, 2018, Midland Funding, LLC, either

6

directly or through intermediate transactions, sold, assigned, placed or transferred the Debt to Defendant Atlantic Credit for purposes of collection.

22.     At the time the Debt was assigned, placed or transferred to Defendant, and later to Atlantic Credit, the Debt was in default.

23.     On or about August 21, 2018, Plaintiff received in the mail a collection letter from Defendant. Attached as Exhibit A is a copy of the August 21, 2018 Collection Letter ("the Collection Letter").

24.     The top of the Collection Letter indicates that the current creditor is Midland Funding, LLC.

25.     The second paragraph of the Collection Letter states, "Accordingly, Atlantic is entitled to be paid the balance due of $2,801.11." The least sophisticated consumer could understand this language to mean that since Atlantic Credit is entitled to be paid the balance, it is the current owner of the account, and not just a debt collector collecting the debt on behalf of the current creditor Midland Funding, LLC. As such, this statement is deceptive, misleading and confusing since the least sophisticated consumer could be lead to be believe that Atlantic Credit is the current owner of the account, rather than Midland Funding, LLC.

26.     The front of the Collection Letter further states in bold font:

**To discuss this debt, please contact Alicia Shiflett toll free at 866-397-4100, between 12:00 P.M. and 9:00 P.M. EST Monday through Wednesday, 8:30 A.M. to 5:30 P.M. on Thursday and 9:00 A.M. to 5:00 P.M. EST on Friday.**

(The Contact Language")

27.     In the Collection Letter, the Contact Language immediately follows the

section 1692g debt validation language.

28.    The 1692g(a) debt validation language of the letter indicates that a dispute of the debt must be in writing.

29.    However, the Contact Language, which is in bold, invites the consumer to contact Defendant by telephone to discuss, and presumably dispute the Debt.

30.    The least sophisticated consumer may believe that he or she could also validly dispute the debt with Defendant orally by calling Alicia Shflett.

31.    Since the Contact Language is in bold and immediately under the 1692g(a) debt validation language, the Contact Language overshadows and/or contradicts the 1692g(a) debt validation language.

32.    Additionally, since the Contact Language indicates that to discuss the debt, the consumer should call Alicia Shiflett and only lists certain specified times, the least sophisticated consumer may think that in order to dispute the debt, he or she has to speak with this person and may do so only during those listed times.

33.    Also, based upon information and belief, within the 30 day period after which Plaintiff received the August 21, 2018 letter, Plaintiff also received another collection letter from Defendant which also invited Plaintiff to contact Defendant by phone to discuss/dispute the debt.

34.    Furthermore, the front of the Collection Letter states in bold and capital letters:

**NOTICE:  SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

35.    The reverse side of the collection letter provides, also in all bold:

8

**We are required to provide the following information under state law. This is not a complete list of your rights by state. If you do not reside in one of these states, you may still have the same or similar rights under federal or state law.**

36.     Since the language on the front of the Collection Letter directing the consumer to the reverse side is in all capitals, is in bold, and indicates that there is important language on the reverse side, the least sophisticated consumer could reasonably believe that the language on the back side applies to him or her.

37.     The language on the reverse side of the Collection Letter is also in bold, which would also connote to the least sophisticated consumer that the information is important.

38.     The language on the reverse side of the Collection Letter states that Defendant is "required to provide this information under state law". Yet, there is no requirement under New Jersey state law that this information be conveyed to the consumer. Thus, this statement is false.

39.     The next sentence indicates that, "This is not a complete list of your rights by state." The least sophisticated consumer could understand this language to mean that since this is not a complete list of "your rights", these rights apply to the consumer in addition to other rights that the consumer may have. This sentence is misleading and/or deceptive.

40.     Thus, the first two sentences on the reverse side of the letter, are not true and/or misinform Plaintiff of his rights under state law, and are thus deceptive, false and/or misleading.

41.     Plaintiff suffered injury in fact by being subjected to the unfair and

abusive practices of Defendant.

42.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

43.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

44.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

45.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46.     Defendant's collection letter which provided confusing and incorrect information, causing Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding her rights under the FDCPA.

47.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

49.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete

injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

50.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

51.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

52.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted his or her ability to decide on how to proceed with respect to the matter – will he or she hire an attorney, represent himself or herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

53.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

54.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Using unfair or unconscionable means to collect or attempt to collect any debt, and/or

(c)    Engaging in overshadowing of the section 1692g debt validation notice;

11

55.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

56.     Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length.

57.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

58.     By sending a collection letter, the same as or substantially similar to the August 21, 2018 collection letter, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

C.   15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

D.   15 U.S.C. §1692g by failing to comply with the debt validation provisions;

E.  15 U.S.C. §1692g(a) of the FDCPA by failing to properly give the required notice.

F.  15 U.S.C. §1692g(b) of the FDCPA by engaging in collection activity that overshadowed or was inconsistent with the disclosure of Plaintiff's right to dispute the debt or request the name and address of the original creditor.

**WHEREFORE**, Plaintiff, on behalf of himself or herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
     August 21, 2019

        Respectfully submitted,


        By: s/ Lawrence C. Hersh
          Lawrence C. Hersh, Esq.
          17 Sylvan Street, Suite 102B
          Rutherford, NJ  07070
          (201) 507-6300
          *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: August 21, 2019               By: <u>s/ Lawrence C. Hersh</u>
                                                  Lawrence C. Hersh, Esq.

EXHIBIT A

Atlantic Credit & Finance, Inc.
PO Box 2083
Warren, MI 48090



CREDIT & FINANCE INCORPORATED
**866-397-4100 * Fax 540-772-7895**
**http://www.atlanticcreditfinance.com**

Return Service Requested



039058   L2TAC233
JOSE L LOPEZ

| | |
|---|---|
| Original Creditor ▸ | CITIBANK, N.A. |
| | THE HOME DEPOT CONSUMER |
| Current Creditor ▸ | MIDLAND FUNDING, LLC ("MID") |
| Acct # ▸ | ************1720 |
| ACF Acct # ▸ | ██630 |
| Balance ▸ | $2,801.11 |

August 21, 2018

Dear Mr./Ms. Jose L Lopez:

Please allow this letter to serve as an introduction to MID. MID has purchased or was otherwise assigned the account (the "Account") referenced above and it has been placed with Atlantic Credit & Finance, Inc. ("Atlantic") for collection.

Our records reflect you are obligated on the Account which is in default. Accordingly, Atlantic is entitled to be paid the balance due of $2,801.11. All payments on the account should be sent as noted below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**To discuss this debt, please contact Alicia Shiflett toll-free at 866-397-4100, between 12:00 P.M. and 9:00 P.M. EST Monday through Wednesday, 8:30 A.M. to 5:30 P.M. on Thursday and 9:00 A.M. to 5:00 P.M. EST on Friday.**

<table>
<tr><td align="center">Mail all Correspondence to:<br>Atlantic Credit & Finance, Inc.<br>PO Box 13386<br>Roanoke, VA 24033-3386</td><td align="center"><b>Mail all Payments to:<br>Atlantic Credit & Finance, Inc.<br>PO Box 2001<br>Warren, MI 48090-2001</b></td></tr>
</table>

Office Hours: 8:30 A.M. - 9:00 P.M., Monday - Wednesday; 8:30 A.M. - 5:30 P.M., Thursday; 9:00 A.M. - 5:00 P.M. Friday (EST)

**This communication is from a debt collector.**
**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---

▲ Detach Here ▲   **DETACH HERE AND ENCLOSE THIS PORTION ALONG WITH PAYMENT**   ▲ Detach Here ▲
Make check or money order payable to Atlantic Credit & Finance, Inc.

8056630
JOSE L LOPEZ

August 21, 2018

| | |
|---|---|
| Original Creditor ▸ | CITIBANK, N.A. |
| Acct # ▸ | ************1720 |
| ACF Acct # ▸ | ██630 |
| Balance ▸ | $2,801.11 |
| Amount Enclosed ▸ | |

WE ACCEPT M/C AND VISA

☐ MasterCard   ☐ VISA

Account Number: _____
Expiration Date: _____
Amount To Be Applied to Card: $ _____
Cardholder Signature: (Print Name Below Line)

_____

ATLANTIC CREDIT & FINANCE, INC.
PO BOX 2001
WARREN, MI 48090-2001

090

**We are required to provide the following information under state law. This is not a complete list of your rights by state. If you do not reside in one of these states, you may still have the same or similar rights under federal or state law.**

**California Residents:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.  But we will not submit a negative credit report to a credit reporting agency about the credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work, when they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Please see the enclosed insert: **NOTICE TO CALIFORNIA CONSUMERS.**

**Colorado Residents:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

Local Office:  Colorado Manager, Inc., Building B, 80 Garden Center, Suite 3, Broomfield, CO 80020 (303)920-4763

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Illinois Residents:** The name and address of the Original Creditor are: CITIBANK, N.A., 701 East 60th Street North, SD 57117.

**Massachusetts Residents:**  You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Minnesota Residents:** This collection Agency is licensed by the Minnesota Department of Commerce.

**Tennessee Residents:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

**Utah Residents:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.  We will not submit a negative credit report to a credit reporting agency about the credit obligation until the expiration of the time period described on the front of this letter.

**North Carolina** Permit No. 112256 (3353 Orange Ave., Roanoke, VA 24012)

**North Carolina** Permit No. 112467 (16 McLeland Road, St. Cloud, MN 56303)

0000 000890 (Rev 01)

# PRIVACY NOTICE

This privacy notice is given on behalf of Atlantic Credit & Finance, Inc. and its affiliates ("Atlantic"). Atlantic is committed to protecting your personal information. This notice is provided as required by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* Please take a moment and read this notice for some important information about your rights. There may be additional rights under applicable state law. Atlantic's privacy policy covers "Customer Information" which means personally identifiable information based on your current or former relationship with us.

**INFORMATION SECURITY:**
- We restrict access to Customer Information to those employees or third-party service providers who need to know that information to service the account(s).

- We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard the Customer Information.

**OBTAINING INFORMATION:**
- We obtain Customer Information as permitted by law from: a customer's account file at the time we purchase his or her account; applications or questionnaires; and a customer's transactions and experience with us or our affiliates.

- This information may include a customer's name, address, social security number, former employers, payment history and account balances.

**USING AND DISCLOSURE OF INFORMATION:**
- If we want to use any Customer Information we have obtained, we will do so only as permitted by the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Gramm-Leach-Bliley Act or other applicable laws.

- You do not have to do anything to limit this use or sharing as allowed by law.

**VERMONT RESIDENTS:** The following only applies if you are a resident of Vermont. You do not need to return any opt out response form because:

- We will not disclose your non-public personal information to non-affiliated third parties (other than as permitted by law).

- Unless otherwise permitted by law, we will not disclose the information that you provide to us or that we obtain from third parties (such as credit bureaus) to our affiliates.

**CALIFORNIA RESIDENTS:** The following only applies if you are a resident of California. You do not need to return any opt out response form because:

- We will not disclose your non-public personal information to non-affiliated third parties except as permitted by applicable California law.

- We will also limit the sharing of information about you with our affiliates to the extent required by applicable California law.